Filed 11/7/22  P. v. Ramirez CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B308080 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA075509) |
| v. | |
| TOMAS CARRILLO RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Reversed and remanded with directions.

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amenda V. Lopez, Idan Ivri and Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Tomas Carrillo Ramirez (Tomas),[1] who was convicted of second degree murder and other offenses in 2011, appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[2] At trial, the prosecution's theory was that Tomas was an accomplice to a gang-related shooting, and he was not the actual shooter. The trial court instructed the jury on direct aiding and abetting and natural and probable consequences theories of liability. Tomas contends, the Attorney General concedes, and we agree the trial court erred in finding Tomas failed to make a prima facie showing he is eligible for relief under section 1172.6, a statute which authorizes relief for, among others, a person convicted of murder under the natural and probable consequences doctrine. We reverse the order denying the petition for resentencing and remand the matter for further proceedings under section 1172.6, including the issuance of an order to show cause under subdivision (c) and a hearing under subdivision (d).

Tomas contends that upon remand, the hearing must be held before the same judge who originally sentenced him, and the trial court erred in designating another judge to rule on the

[1] Hereafter, we refer to appellant by his first name to avoid confusion with his cousin, Dario Ramirez (Dario), who was Tomas's codefendant at one of Tomas's two trials in this case.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Tomas filed his petition prior to this renumbering, and he therefore referred to the statute as section 1170.95 in his petition. In this opinion, for the sake of consistency, we refer to the statute by its current designation, section 1172.6.

Undesignated statutory references are to the Penal Code.

petition.  As explained more fully below, we conclude the trial court did not err in finding the judge who originally sentenced Tomas was not available to hear his petition, as she was retired from the bench and living outside California.

Finally, we reject Tomas's contention that Assembly Bill No. 333 applies to the jury's true findings on gang enhancement allegations against him.  Assembly Bill No. 333 recently amended section 186.22 to impose new substantive and procedural requirements for gang allegations and added section 1109 to require bifurcation of a gang enhancement upon the defense's request.  Because Tomas's judgment has been final since 2013, Assembly Bill No. 333 affords him no relief at this juncture, as we explain below.

## BACKGROUND

### I.    Charges, Trials, and Direct Appeal

On December 28, 2008, Rodolfo Macias died as a result of gunshot wounds, and Raymond Salcedo lost an eye due to a gunshot to the head.

A 2009 information charged Tomas, Jose Arnaud, and Dario with the murder of Macias (§ 187, subd. (a)), the willful, deliberate, premediated attempted murder (§§ 664 & 187, subd. (a)) of Salcedo, and aggravated mayhem (§ 205) as to Salcedo.  As to all three counts, the information charged a gang enhancement (§ 186.22, subd. (b)(1)(C)), and alleged a principal personally and intentionally discharged a firearm which proximately caused great bodily injury or death to the victims (§ 12022.53, subds. (b)-(e)).

At his first trial, Tomas was tried with Arnaud by separate jury.[3]  Arnaud's jury found him guilty of first degree murder, attempted murder, and mayhem, and found gang and firearm enhancement allegations to be true.  Tomas's jury could not reach a verdict and a mistrial was declared.

At his second trial, Tomas was tried with Dario, using a single jury.  The prosecution's theory at this trial was that Arnaud was the shooter, and Tomas and Dario were his accomplices.  The prosecution presented direct aiding and abetting and natural and probable consequences theories of Tomas's (and Dario's) liability.  The trial court instructed the jury on both theories.

A detailed recitation of the facts and circumstances of the shooting is not necessary to our resolution of the issues on appeal.  For purposes of context only, we state briefly that the prosecution presented evidence at Tomas's second trial indicating:  Tomas was driving a vehicle (a Jeep), with Dario and Arnaud inside.  Tomas knew there was a gun in the Jeep.  Tomas stopped the Jeep near two males who were standing on a sidewalk.  Someone in the Jeep asked the males where they were from, meaning what was their gang affiliation.  At some point, Tomas and Dario exited the Jeep, and said the name of their gang.  Macias and Salcedo, who had been at a barbecue with the two males, began to approach the group.  Tomas and Dario turned their attention to Macias and Salcedo.  One or both asked Macias and Salcedo where they were from.  Arnaud exited the

_____

[3] During this first trial, count 3 of the information was amended to reflect a lesser charge of mayhem under section 203, instead of aggravated mayhem under section 205 as originally charged.

4

Jeep and shot Salcedo in the head. Tomas, Dario, or both were holding onto or pushing Macias, when Arnaud fired several rounds at Macias. Salcedo survived and Macias died. The prosecution's gang expert opined, based on her knowledge and experience, that Tomas, Dario, and Arnaud were members of a criminal street gang; and that hypothetical crimes, mirroring the facts of this case as presented through the prosecution's evidence, would have been committed for the benefit of a criminal street gang.[4]

The jury found Tomas and Dario guilty of second degree murder, attempted voluntary manslaughter (as a lesser included offense of attempted murder), and mayhem. The jury also found the gang and firearm enhancement allegations to be true as to each offense. The trial court sentenced Tomas (and Dario) to 69 years to life in prison: 15 years to life for the murder, plus 25 years to life for the firearm enhancement (§ 12022.53, subds. (d)-(e)); and a consecutive term of four years (the midterm) for mayhem, plus 25 years to life for the firearm enhancement. The

_____

[4] This brief overview of the circumstances of the shooting is taken from our opinion in Tomas's direct appeal. (*People v. Ramirez* (Mar. 26, 2013, B232114) [nonpub. opn.], pp. 3-4, 6-7.) We reiterate that we provide this summary only to give context to Tomas's contentions in this appeal. The specific facts and circumstances of the shooting are not material to our legal analysis. We note that our summary of facts, while much less detailed than Tomas's, is not inconsistent with the facts Tomas presented in his briefing in this appeal. Tomas asks us to strike the Attorney General's respondent's brief because the Attorney General provides a factual account taken from the appellate opinion. We decline to do so. As in this opinion, the facts are provided for context and are not material to the legal analysis.

5

court imposed and stayed a term of three years (the midterm) for the attempted voluntary manslaughter.

Tomas and Dario appealed their convictions, and we affirmed the judgments. (*People v. Ramirez, supra,* B232114.) Tomas contended in the direct appeal that the trial court erred in instructing the jury on the natural and probable consequence doctrine over his and Dario's objection to the instructions. We rejected this contention based on the law at the time of the direct appeal. (*Id.* at pp. 11-14.) Tomas and Dario also contended, among other things, that there was insufficient evidence supporting their convictions. We concluded "substantial evidence supported the verdicts, with or without resort to the natural and probable consequences doctrine," as "the record provides substantial evidence that defendants [Tomas and Dario] intended to aid and abet a murder and an assault with a deadly weapon." (*Id.* at pp. 15, 17.)

## II.    Tomas's Section 1172.6 Petition

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of

6

the amendments to sections 188 and 189.  (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

On January 10, 2019, Tomas filed a form petition for resentencing under former section 1170.95, now section 1172.6. In the petition, he checked boxes stating, in pertinent part, that he was convicted of second degree murder under the natural and probable consequences doctrine (or under the second degree felony murder doctrine), and he could not now be convicted of that crime because of changes to sections 188 and 189, effective January 1, 2019.  He also checked the box requesting the trial court appoint counsel to represent him in connection with his petition.

The judge who originally sentenced Tomas was retired from the bench and living outside California.  The supervising judge assigned the petition to another judge in the same courthouse where Tomas was originally sentenced.  The trial court appointed counsel to represent Tomas.

The district attorney filed an opposition to the petition, arguing in pertinent part:  "[T]he record of conviction proves beyond a reasonable doubt that [Tomas] personally acted with malice aforethought.  Relief should be denied because there is sufficient evidence in the record to support a conviction for second degree murder under the current amendment of . . . sections 188 or 189 made effective January 1, 2019.  In short, [Tomas] is not eligible for relief because he could still be convicted of murder under the laws as amended by [Senate Bill No.] 1437."  In support of her arguments, the district attorney relied on, and attached to the opposition, our opinion in Tomas's direct appeal.

Tomas, through his appointed counsel, filed a reply brief in support of his petition for resentencing.  Therein, he argued he

7

had made a prima facie case for relief, and the trial court should issue an order to show cause. He pointed out that at his second trial, the court instructed the jury on both direct aiding and abetting and natural and probable consequences theories of liability, and the record of conviction does not indicate the theory on which the jury relied.

At a September 17, 2020 hearing on Tomas's petition for resentencing, after hearing oral argument from the parties, the trial court denied the petition without issuing an order to show cause and holding an evidentiary hearing. The court noted at the hearing that it had reviewed the entire trial court file, the trial transcripts, and the opinion in Tomas's direct appeal. The court stated it agreed with Tomas that Arnaud was the "actual shooter," and there is nothing in the record indicating whether the jury relied on a direct aiding and abetting theory of liability or a natural and probable consequences theory of liability at Tomas's second trial. After citing the opinion in Tomas's direct appeal for the proposition that there was substantial evidence supporting Tomas's murder conviction under a direct aiding and abetting theory of liability, the court found Tomas did not state a prima facie case for relief in his petition for resentencing because he "fail[ed] to show that he was not such a direct aider and abettor." The court concluded Tomas "would still be found guilty [under] a valid theory of murder as a direct aider and abettor." The court issued a minute order stating it denied Tomas's petition for resentencing for the reasons "reflected in the notes of the court reporter."

At the same September 17, 2020 hearing, Tomas's counsel stated he "want[ed] to make sure" Tomas did not waive the issue that he was entitled to have his petition for resentencing heard

8

by the judge who presided at his trial.  Tomas's counsel acknowledged the judge who presided at Tomas's trial was no longer a sitting judge and lived outside Los Angeles.  The court commented that the judge lived outside California.  Tomas's counsel did not dispute this and added that he had reviewed the address information for the trial judge on The State Bar of California's Web site.  There was no further discussion on this issue.

## DISCUSSION

I.  **As the Parties Agree, Tomas Made a Prima Facie Case for Relief Under Section 1172.6, and the Matter Must Be Remanded for Further Proceedings**

A.  **Section 1172.6 and other applicable law**

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of murder, attempted murder, or

9

manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Senate Bill No. 1437 added the following provision to section 188: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*People v. Gentile* (2020) 10 Cal.5th 830, 849 (*Gentile*).) Senate Bill No. 1437 also added subdivision (e) to section 189, limiting felony murder liability to a person who was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (*Gentile*, at p. 842.)

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief. (§ 1172.6, subds. (b)-(c).) As our Supreme Court explained: "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the

petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

If the trial court issues an order to show cause, the final step in the process is a hearing to determine if the petitioner is entitled to relief, where the trial court must vacate the petitioner's murder (or attempted murder or manslaughter) conviction and resentence him or her on any remaining counts unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

## B. Analysis

Tomas contends, the Attorney General concedes, and we agree the trial court erred in finding Tomas failed to make a prima facie case for relief under section 1172.6. There is nothing in the record of conviction conclusively refuting the allegations Tomas made in his petition—that he was convicted of second degree murder under the natural and probable consequences doctrine, and he could not now be convicted of that crime because of changes to sections 188 and 189, effective January 1, 2019. As the trial court acknowledged at the September 17, 2020 hearing on Tomas's petition, the prosecution presented the theory that Arnaud was the shooter; the trial court instructed the jury on

11

both direct aiding and abetting and natural and probable consequences theories of Tomas's liability; and there is no way to determine on which theory the jury relied in finding Tomas guilty of second degree murder. Thus, Tomas made a prima facie showing he is entitled to relief under section 1172.6, and the trial court erred in denying his petition for resentencing without issuing an order to show cause under subdivision (c) and holding under a hearing under subdivision (d). We reverse the order denying the petition and remand the matter for these further proceedings under section 1172.6.

## II. The Trial Court Did Not Err in Designating the Judge to Rule on the Petition

Tomas contends that upon remand, the hearing must be held before the same judge who originally sentenced him, and the trial court erred in designating another judge to rule on the petition. We disagree.

In pertinent part, section 1172.6, subdivision (b)(1) provides: "The petition shall be filed with the court that sentenced the petitioner . . . . If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition."

Tomas does not dispute that the judge who originally sentenced him is no longer a sitting judge and resides outside California. He cites no authority supporting his assertion that the trial court was required to "contact [the retired judge] to determine when [the retired judge] might be available" to hear his petition.

Tomas relies on *People v. Rodriguez* (2016) 1 Cal.5th 676 (*Rodriguez*), a case interpreting section 1538.5, subdivision (p),

which "provides that any suppression motion the defendant subsequently files must be heard by the 'same judge' who granted the prior motion so long as that judge is 'available.' " (*Rodriguez*, p. 679.)  There, our Supreme Court concluded the trial court abused its discretion in assigning the motion to a different judge, after the judge who heard an earlier suppression motion was transferred to a different division of the court within the same county.  (*Id*. at pp. 679-682.)  The Court held:  "A judge may be found unavailable for purposes of section 1538.5(p) only if the trial court, acting in good faith and taking reasonable steps, cannot arrange for that judge to hear the motion."  (*Id*. at p. 679.)

Tomas cites no case in which an appellate court has concluded a trial court errs in making a finding that a *retired* judge is unavailable to hear a motion.  Our Supreme Court indicated in *Rodriguez* that retirement is a circumstance that renders a judge unavailable to hear a motion, an unremarkable proposition.  In explaining how the trial court abused its discretion in finding the judge unavailable, the *Rodriguez* Court stated:  "The ineluctable realities of life sometimes mean that the judge designated by statute to hear a suppression motion has died, *retired*, resigned, or lacks the capacity to undertake his or her duty.  This is not such a case."  (*Rodriguez*, *supra*, 1 Cal.5th at p. 693, italics added.)  The case before us, however, is such a case.  The judge who originally sentenced Tomas retired from the bench and moved out of California.  The trial court did not err in concluding she was unavailable to rule on Tomas's petition.

## III.  Assembly Bill No. 333 Does Not Apply to Tomas's Case at This Juncture

Tomas filed supplemental briefing in this appeal regarding Assembly Bill No. 333.  (Stats. 2021, ch. 699, § 3 (2021-2022 Reg.

13

Sess.).)  Assembly Bill No. 333 "amended section 186.22 to impose new substantive and procedural requirements for gang allegations."  (*People v. Sek* (2022) 74 Cal.App.5th 657, 665.)  It also added section 1109, which requires that a gang enhancement "be tried in [a] separate phase[]" from the defendant's guilt if the defendant so requests.  (§ 1109, subd. (a)(1).)

Tomas contends that upon remand, at the hearing under section 1172.6, subdivision (d), the trial court must determine whether substantial evidence supports the elements of the gang enhancement under section 186.22, as amended by Assembly Bill No. 333.  He further contends, if the trial court finds the evidence sufficient, the judgment must nevertheless be reversed under section 1109 because his request at trial to bifurcate the gang enhancement was denied.

Assembly Bill No. 333's amendments to section 186.22 apply retroactively "to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*People v. Sek*, *supra*, 74 Cal.App.5th at pp. 666, 667.)  Whether section 1109 applies only prospectively or also retroactively to judgments that are not final is on review in our Supreme Court. (See *People v. Perez* (2022) 78 Cal.App.5th 192, 207, rev. granted Aug. 17, 2022, S275090 [section 1109 "does not apply retroactively to a trial that has already occurred"]; *People v. Burgos* (2022) 77 Cal.App.5th 550, 568, rev. granted July 13, 2022, S274743 ["we conclude Assembly Bill [No.] 333 operates retroactively, including the section that added Penal Code section 1109.  Because appellants' convictions are not yet final, they are entitled to the benefit of the changes in the law"].)

Tomas's judgment of conviction was final in 2013, when the remittitur issued in his direct appeal.  Our disposition here,

14

remanding the matter for a hearing under section 1172.6, subdivision (d), has not rendered the judgment nonfinal.  Thus, Assembly Bill No. 333 affords Tomas no relief at this juncture. Moreover, there is nothing in section 1172.6 indicating that at the hearing under subdivision (d), where "the burden of proof [is] on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under [current] California law," that the prosecution must also relitigate the gang enhancement under current law.

## DISPOSITION

The September 17, 2020 order denying the petition for resentencing is reversed and the matter is remanded for further proceedings under section 1172.6, including the issuance of an order to show cause under subdivision (c) and a hearing under subdivision (d).

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

15